UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-1390 FMO (RAOx)** | Date | **May 15, 2026** |
|---|---|---|---|
| Title | **Antonio Margarito Utuy Utuy v. Mastro's Restaurants, LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**     **(In Chambers) Order Remanding Action**

On December 22, 2025, Antonio Margarito Utuy Utuy ("plaintiff") filed a complaint in the Los Angeles County Superior Court against defendant Mastro's Restaurants, LLC ("Mastro's" or "defendant") asserting employment-related claims. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 5); (Dkt. 1-2, Exh. A, Complaint at ¶¶ 33-114). According to the NOR, on January 12, 2026, plaintiff personally served Mastro's with the Complaint, (see Dkt. 1, NOR at ¶ 7); (Dkt. 1-2, Exh. A, Service of Process Transmittal Summary at ECF 2), and on February 6, 2026, Mastro's filed its Answer. (See Dkt. 1, NOR at ¶ 8). On February 10, 2026, Mastro's removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) & 1441(a), (see id. at ¶ 4), stating that "[o]n information and belief, [Mastro's] is the only viable defendant in the State Court Action." (Id. at ¶ 9).

On March 12, 2026, plaintiff filed a Motion to Remand (Dkt. 11, "Motion"), contending that the court lacks subject matter jurisdiction. Specifically, plaintiff points out that on January 13, 2026, almost a month before Mastro's removed the action, he filed a First Amended Complaint ("FAC") adding Mastro's Executive Chef, Walter Mayen ("Mayen"), as a defendant. (See id. at 2); (Dkt. 11-1, Exh. 1, State Court Docket at ECF 5-7); (Dkt. 11-1, Exh. 3, FAC at ECF 36-59). Mayen, like plaintiff, is a California citizen. (See Dkt. 11, Motion at 4). He was personally served with the FAC on February 5, 2026, (see Dkt. 11-1, Exh. 4, Proof of Service at ECF 61-62), and the Proof of Service was filed in state court on February 9, 2026. (Dkt. 11-1, Exh. 1, State Court Docket at ECF 6).

After review, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**DISCUSSION**

Mastro's acknowledges that plaintiff filed his FAC in state court prior to removal, (see Dkt. 18, Opposition to Motion to Remand ("Opp.") at 8), but asserts that it "believed the Original Complaint was the sole operative pleading" because plaintiff did not serve Mastro's with the FAC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-1390 FMO (RAOx)** | Date | **May 15, 2026** |
|---|---|---|---|
| Title | **Antonio Margarito Utuy Utuy v. Mastro's Restaurants, LLC** | | |

prior to removal. (See id. at 7-8). Defendant contends that remand is not warranted because "[r]emoval jurisdiction is assessed based on the removing defendant's knowledge and the pleadings as they exist at the time of removal[,]" and that "[p]ost-removal service of an amended pleading does not retroactively impair an otherwise proper removal, as jurisdiction is determined based on the pleadings operative at the time of removal." (Id. at 10). Mastro's contentions are devoid of merit.

As an initial matter, not only are the cases Mastro's cites in support of its argument inapposite, but its argument glosses over the fact that the FAC, which named diversity-destroying Mayen as a defendant, was filed in state court almost a month before Mastro's removed the action. (See Dkt. 11-1, Exh. 1, State Court Docket at ECF 6). Needless to say, counsel have an obligation to regularly monitor the court's dockets in their cases to determine whether any party or the court has filed a motion, pleading or other document that needs to be addressed. See, e.g., In re Sweet Transfer & Storage, Inc., 896 F.2d 1189, 1193 (9th Cir. 1990) (parties have an affirmative duty to monitor the dockets); Warrick v. Birdsell ("In re Warrick"), 278 B.R. 182, 187 (9th Cir. BAP 2002) ("It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets."); Hamburger v. Reg. Tapes Unlimited, Inc., 2016 WL 11966981, *6 (C.D. Cal. 2016) (noting that counsel has "a duty to monitor the case docket").

In any event, the State Court Docket reflects that the FAC was filed on January 13, 2026 – more than three weeks before Mastro's filed its Answer on February 6, 2026, and four weeks before the action was removed. (See Dkt. 11-1, Exh. 1, State Court Docket at ECF 6); see also LAOSD Asbestos Cases, 28 Cal.App.5th 862, 875 n. 5 (2018) ("Generally, an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading. Such amended pleading supplants all prior complaints.") (cleaned up). Mastro's "no notice" contention, (see Dkt. 18, Opp. at 10) (stating that "Defendants had no notice that Plaintiff was attempting to assert claims against any individual, much less a non-diverse defendant"), is not based on the absence of jurisdictional facts in the FAC, but on Mastro's failure to monitor the docket of its own case. Moreover, even assuming Mastro's did not have an affirmative obligation to monitor the docket of its own case, Mastro's provides no authority for the proposition that the FAC was not operative – even though it had been filed with the court – because it was not served on Mastro's. (See, generally, Dkt. 18, Opp. at 9-11) (failing to provide any authority for the proposition that an amended complaint filed in state court must be served on all parties before it is operative). Indeed, Mastro's has not cited a single case, statute, or rule of court indicating that an amended complaint filed in state court must be served on all parties before it is operative for purposes of removal. (See, generally, id.). Nor has it cited any authority for the implicit proposition that a removing defendant is allowed to ignore its affirmative responsibility to monitor the case docket and thereby ignore documents filed in the case. (See id.).

Mastro's also contends that Mayen's California citizenship should be ignored because he is a sham defendant. (See Dkt. 18. Opp. at 11-21). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-1390 FMO (RAOx)** | Date | **May 15, 2026** |
|---|---|---|---|
| Title | **Antonio Margarito Utuy Utuy v. Mastro's Restaurants, LLC** | | |

fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder."[1] Grancare, 889 F.3d at 548 (internal quotation marks omitted).

Here, Mastro's has failed to show that "plaintiff could not possibly recover against" Mayen. See Mireles, 845 F.Supp.2d at 1063. It is not enough to claim, as Mastro's does, (see Dkt. 18, Opp. at 15-20), that the allegations in the FAC are insufficient to give rise to individual liability. In other words, even assuming plaintiff's claims against Mayen are deficiently pled, there exists the possibility that plaintiff could salvage his claim through amendment.[2] See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants did not meet their "heavy burden of persuasion[] to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted); Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant] for harassment under the FEHA.").

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded that Mastro's has met its burden of

---

[1] Mastro's incorrectly contends that "plaintiff cannot carry his heavy burden to defeat a finding of fraudulent joinder[.]" (See Dkt. 18, Opp. at 20). The "heavy burden" rests with Mastro's, not plaintiff. Grancare, 889 F.3d at 548.

[2] The court relies on the FAC filed in state court prior to removal for the reasons set forth above. But even if the court were to ignore that pleading, the proposed FAC (Dkt. 12, Exh. 1) would not change the analysis as the pleadings are identical.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-1390 FMO (RAOx)** | Date | **May 15, 2026** |
|---|---|---|---|
| Title | **Antonio Margarito Utuy Utuy v. Mastro's Restaurants, LLC** | | |

showing that complete diversity exits.  Therefore, there is no basis for subject matter jurisdiction.

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiff's Motion to Remand **(Document No. 11)** is **granted**.

2.  The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(e).

3.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |